COMMONWEALTH OF KENTUCKY
BRACKEN CIRCUIT COURT
CASE NO. _____

| | | |
|---|---|---|
| JIMMY L. FRYMAN<br>1582 Augusta Berlin Road<br>Brooksville, KY 41004 | )<br>)<br>)<br>) | |
| **Plaintiff** | )<br>) | **COMPLAINT** |
| vs. | )<br>)<br>) | |
| TERRY DAWSON<br>6922 W. 16th Street<br>Indianapolis, IN 46038 | )<br>)<br>)<br>) | |
| Serve: Secretary of State pursuant to<br>KRS 188.030 & KRS 454.210 | )<br>)<br>) | |
| and | )<br>) | |
| KBT ENTERPRISES, INC.<br>122 Shadowlawn Drive<br>Fishers, IN 46038 | )<br>)<br>)<br>) | |
| Serve: Registered Agent<br>Eric M. Douthit<br>2 North 9th Street<br>Nobelsville, IN 46060<br>Pursuant to KRS 454.210 | )<br>)<br>)<br>)<br>)<br>) | |
| **Defendants** | ) | |

Comes now the Plaintiff, JIMMY L. FRYMAN by and through counsel and for his causes of action against Defendants Terry L. Dawson and K B T Enterprises, Inc. states as follows:

1. At all times relevant hereto, Plaintiff Jimmy L. Fryman (hereinafter "Fryman") was a citizen and resident of Brooksville, Bracken County, Kentucky.

2. At all times relevant hereto, Defendant, K B T Enterprises, Inc. (hereinafter "KBT") was and remains registered with the Federal Motor Carrier Safety Administration with a USDOT number of 00607622 and is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Fishers, Indiana thereby making it a citizen of Indiana.

Filed     21-CI-00119     10/21/2021     Heather A. Rechtin, Bracken Circuit Clerk

Presiding Judge: HON. STOCKTON B. WOOD (619253)

COM : 000001 of 000004

Filed          21-CI-00119          10/21/2021          Heather A. Rechtin, Bracken Circuit Clerk

NOT ORIGINAL DOCUMENT
11/23/2021 02:09:33 PM
SRHICKEY@KOPKALAW.COM

3. At all times relevant hereto, Defendant, Terry L. Dawson (hereinafter "Dawson"), was a citizen of Indianapolis, Marion County, Indiana.

4. At all times relevant hereto, Defendant Dawson was the employee, agent, servant, and/or statutory employee for Defendant KBT operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant KBT. Accordingly, Defendant KBT is vicariously liable for the acts of Defendant Dawson.

5. Jurisdiction and venue are proper as the events giving rise to this cause of action occurred in Bracken County, Kentucky.

6. This action is timely filed as it is within two (2) years from the date of the crash. It is also timely filed as it is within two (2) years from the date of the last no-fault payment which was January 30, 2020.

7. The claims against these Defendants exceed the jurisdictional amount required by this Court.

8. On October 28, 2019, Defendant Dawson was operating a 2015 Kenworth T800 tanker trailer on Iler Road in Foster, Bracken County, Kentucky approaching the intersection with AA Highway. Upon information and belief, the tractor and trailer were owned by and/or being operated on behalf of Defendant KBT.

9. At the same time and date, Plaintiff Jimmy L. Fryman was traveling northbound on AA Highway near the intersection of AA Highway and Iler Road.

10. Defendant Dawson disregarded a stop sign on Iler Road and unlawfully entered AA Highway without stopping at the stop sign and without yielding to oncoming traffic.

11. Defendant Dawson operated his commercial motor vehicle in a negligent, careless and reckless manner causing a serious collision with multiple vehicles, including the vehicle operated by Plaintiff Fryman.

12. Defendant Dawson violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.330, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff Fryman, and constitutes negligence per se pursuant to KRS 446.070 and Kentucky case law.

13. Defendant KBT had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Dawson, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and

Presiding Judge: HON. STOCKTON B. WOOD (619253)

COM : 000002 of 000004

Filed          21-CI-00119          10/21/2021          Heather A. Rechtin, Bracken Circuit Clerk

Filed 21-CI-00119 10/21/2021 Heather A. Rechtin, Bracken Circuit Clerk

NOT ORIGINAL DOCUMENT
11/23/2021 02:09:33 PM
SRHICKEY@KOPKALAW.COM

vehicles were reasonably safe.

14. Defendant KBT had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

15. Defendant KBT was negligent, careless and reckless with regard to the duties set forth above, causing serious injuries to Plaintiff Fryman, including a shoulder injury that has required multiple surgeries.

16. Defendant KBT violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff Fryman, and constitutes negligence per se pursuant to KRS 446.070 and Kentucky caselaw.

17. As a direct and proximate result of the negligence and/or negligence *per se* of the Defendants KBT and/or Dawson, Plaintiff Fryman was injured about the shoulders, head, neck, back, legs, ankles, spine and body generally. His injuries required two (2) separate shoulder surgeries in addition to extensive physical therapy and other accident-related treatment. Plaintiff's injuries caused great physical pain and mental pain and anguish, and loss of the enjoyment of life and he will continue to suffer such damages in the future, his injuries being permanent in nature; that he is exposed to the increased likelihood of future complications; that he has incurred large sums of money for physicians and medical expenses in treating said injuries; and he will be required to incur large sums of money for physicians and medical expenses in the future, his injuries being permanent in nature; and that he has lost time and wages from his employment; and his ability to earn money in the future has been permanently impaired all as a direct result of the Defendants' negligence.

18. Defendants KBT and/or Dawson acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiff Fryman, warranting the imposition of punitive damages pursuant to KRS 411.184 and KRS 411.186. Furthermore, punitive damages are supported by Kentucky's declaration that tractor trailers endanger the lives and safety of the traveling public, including Plaintiff Fryman, pursuant to KRS 189.670 which states:

> It is hereby declared to be the public policy of this state that heavy motor trucks, alone or in combination with other vehicles, increase the cost of highway construction and maintenance, interfere with and limit the use of highways for

Filed 21-CI-00119 10/21/2021 Heather A. Rechtin, Bracken Circuit Clerk

Presiding Judge: HON. STOCKTON B. WOOD (619253)

COM : 000003 of 000004

normal traffic thereon, and endanger the safety and lives of the traveling public, and that the regulations embodied in this chapter with respect to motor trucks, semitrailer trucks and semitrailers are necessary to achieve economy in highway costs, and to permit the highways to be used freely and safely by the traveling public.

WHEREFORE, Plaintiff Jimmy L. Fryman hereby demands as follows:

A) Judgment against Defendants KBT and Terry L. Dawson for Plaintiff Jimmy L. Fryman for a fair & reasonable amount in compensatory damages;

B) Judgment against Defendants KBT and Terry L. Dawson for Plaintiff Jimmy L. Fryman for a fair and reasonable amount in non-apportioned punitive damages;

C) Pre-judgment & Post-judgment interest

D) Court costs and attorneys' fees

E) Any and all other relief to which Plaintiff may be entitled


Respectfully Submitted
/s/ Gregory M. Erpenbeck
Gregory M. Erpenbeck, Esq (94802)
William. J. Kathman, Jr., Esq. (37400)
**Busald Funk Zevely PSC**
226 Main Street
Florence, Kentucky 41042
Phone: (859) 371 – 3600
Fax:    (859) 525 – 1040
Email: gerpenbeck@bfzlaw.com
Email: billkathman@bfzlaw.com
*Trial Counsel for Plaintiff Jimmy L. Fryman*

and

/s/ Keith Johnson, Esq.
Keith Johnson, Esq.
Law Office of Keith Johnson, PLLC
14 West 4th Street
Newport, Kentucky 41071
Phone: 859 – 491 – 8880
Fax:    859 – 426 – 9093
Email: kjlaw@isoc.net
*Co-Counsel for Plaintiff Jimmy L. Fryman*

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>11/19/2021<br>SRICKEY@KOPKALAW.COM<br>Case #: **21-CI-00119**<br>Court: **CIRCUIT**<br>County: **BRACKEN** |

*Plantiff,* **FRYMAN, JIMMY L VS. DAWSON, TERRY ET AL**, *Defendant*

TO:  **ERIC M DOUTHIT**
     **2 NORTH 9TH STREET**
     **NOBLESVILLE, IN 46060**

Memo: Related party is KBT ENTERPRISES, INC

The Commonwealth of Kentucky to Defendant:
**KBT ENTERPRISES, INC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Heather A. Rechtin,
Bracken Circuit Clerk
Date: **10/21/2021**

Presiding Judge: HON. STOCKTON B. WOOD (619253)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 ____            _____
                                                  Served By

                                                  _____
                                                  Title

Summons ID: @00001014500
CIRCUIT: 21-CI-00119 Long Arm Statute – Secretary of State
FRYMAN, JIMMY L VS. DAWSON, TERRY ET AL



Page 1 of 1

eFiled

CI : 000001 of 000001

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>11/19/2021 02:16:05 PM<br>SRICKEY@OPKLAW.COM<br>Case #: **21-CI-00119**<br>Court: **CIRCUIT**<br>County: **BRACKEN** |

*Plantiff,* **FRYMAN, JIMMY L VS. DAWSON, TERRY ET AL**, *Defendant*

TO:  **TERRY DAWSON**
  **6922 W. 16TH STREET**
  **FISHERS, IN 46038**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Heather A. Rechtin,
Bracken Circuit Clerk
Date: **10/21/2021**

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20 _____        _____
                    Served By

                    _____
                    Title

Summons ID: @00001014499
CIRCUIT: 21-CI-00119 Long Arm Statute – SOS - Restricted Delivery
FRYMAN, JIMMY L VS. DAWSON, TERRY ET AL



Page 1 of 1



Presiding Judge: HON. STOCKTON B. WOOD (619253)

CI : 000001 of 000001



**Commonwealth of Kentucky**
**Heather A. Rechtin, Bracken Circuit Clerk**

NOT ORIGINAL DOCUMENT
11/23/2021 02:11:06 PM
SRHICKEY@KOPKALAW.COM

**Case #:** 21-CI-00119   **Envelope #:** 3973422
**Received From:** GREGORY ERPENBECK   **Account Of:** GREGORY ERPENBECK
**Case Title:** FRYMAN, JIMMY L VS. DAWSON, TERRY ET AL   **Confirmation Number:** 133532889
**Filed On** 10/21/2021  12:51:29PM

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Money Collected For Others(Postage) | $13.53 |
| 8 | Money Collected For Others(Secretary of State) | $10.00 |
| 9 | Charges For Services(Copy - Photocopy) | $1.20 |
| 10 | Charges For Services(Attestation) | $0.50 |
| 11 | Money Collected For Others(Postage) | $13.53 |
| 12 | Money Collected For Others(Secretary of State) | $16.00 |
| 13 | Charges For Services(Copy - Photocopy) | $1.20 |
| 14 | Charges For Services(Attestation) | $0.50 |
|   | **TOTAL:** | $277.46 |

Bracken County

HEATHER A. RECHTIN

Circuit Court Clerk

**Receipt Number: 22-0002006-A**

DATE: 10/21/2021
TIME: 01:04 PM EST

*** (Z) OTHER TYPE RECEIPT ***

**CASE NO: 21-CI-00119**

RECEIVED FROM: GREGORY ERPENBECK

ACCOUNT OF: FRYMAN, JIMMY L VS. DAWSON, TERRY ET AL

PARTY NAME: GREGORY ERPENBECK

| # | Description | Amount |
|---|---|---|
| 1. | ATJ Fee (1) | $20.00 |
| 2. | Civil Filing Fee (Q) | $150.00 |
| 3. | Court Technology MCFO(K(CT)) | $20.00 |
| 4. | Library Fee (L) | $1.00 |
| 5. | Court Facilities Fee ([) | $25.00 |
| 6. | Att Tax Fee MCFO(K(Q)) | $5.00 |
| 7. | Postage MCFO(K(H)) | $13.53 |
| 8. | Secretary of State MCFO(K(SOS)) | $10.00 |
| 9. | Copy - Photocopy CS(W(F)) | $1.20 |
| 10. | Attestation CS(W(C)) | $0.50 |
| 11. | Postage MCFO(K(H)) | $13.53 |
| 12. | Secretary of State MCFO(K(SOS)) | $16.00 |
| 13. | Copy - Photocopy CS(W(F)) | $1.20 |
| 14. | Attestation CS(W(C)) | $0.50 |

TOTAL: $277.46

CREDIT CARD: $277.46

***DIFF: $0.00

*** Credit Card Invoice #: 133532889

3973422

*** MultiReceipt/MassReceipt Transaction ***

Reprint : 10/21/2021   2:33:38PM

Prepared By: Web_Payment

Pay Online Visit:

www.kycourts.gov   and click on Pay Fine/Fee.

Reprint

COMMONWEALTH OF KENTUCKY
BRACKEN CIRCUIT COURT
Case No. 21-CI-00119

*Electronically Filed*

**JIMMY L. FRYMAN**                                                 **PLAINTIFF**

**v.**                                        **ANSWER**
                                         **OF DEFENDANTS**

**TERRY DAWSON,**                                        **DEFENDANTS**
**and**
**KBT ENTERPRISES, INC.**

\* \* \*

Come Defendants, Terry Dawson ("Dawson"), and KBT Enterprises, Inc. ("KBT") (collectively "Defendants"), by counsel, and, for their Answer to the Complaint herein of Plaintiff, Jimmy L. Fryman ("Plaintiff"), state as follows:

### First Defense

1. With regard to the matters set forth in Paragraph 1 of Plaintiff's Complaint, Defendants are, at present, without knowledge or information sufficient to form a belief as to the truth thereof and therefore denies all allegations contained therein via operation of CR 8.02.

2. With regard to the matters set forth in Paragraphs 2 and 3 of Plaintiff's Complaint, Defendants, based upon current knowledge, information, and belief, admit the allegations contained therein.

3. The allegations contained in Paragraph 4 of Plaintiff's Complaint constitute legal conclusions and thus do not require a response. If Defendants were ever required to respond to said allegations, they would admit Dawson was KBT's employee at the time of the incident at issue in Plaintiff's Complaint but would deny any and all remaining allegations contained therein.

4. With regard to the matters set forth in Paragraphs 5, 6, 7, 8, and 9 of Plaintiff's Complaint, Defendants, based upon current knowledge, information, and belief, admit the allegations contained therein.

5. With regard to the matters set forth in Paragraphs 10, 11, and 12 of Plaintiff's Complaint, Defendants deny all allegations contained therein.

6. The allegations contained in Paragraphs 13 and 14 of Plaintiff's Complaint constitute legal conclusions and thus do not require a response. If Defendants were ever required to respond to said allegations, they would deny all allegations contained therein.

7. With regard to the matters set forth in Paragraphs 15, 16, 17, and 18 of Plaintiff's Complaint, Defendants deny all allegations contained therein.

8. Defendants go further to deny all allegations not specifically admitted to above in Paragraphs 1 through 7 of this Answer.

**Second Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted and is therefore subject to dismissal, with prejudice to refiling.

**Third Defense**

The incident described in Plaintiff's Complaint and the injuries or damages claimed by Plaintiff, if there are any, were substantially or solely caused by the contributory or comparative negligence of Plaintiff and/or other parties or nonparties over whom Defendants had no control and thus no responsibility or liability.

**Fourth Defense**

The damages and injuries claimed by Plaintiff, if here are any, were caused or brought about, if at all, by the active and primary negligence, or the intervening and superseding negligence or acts,

Filed 21-CI-00119 11/11/2021 Heather A. Rechtin, Bracken Circuit Clerk

NOT ORIGINAL DOCUMENT
11/23/2021 02:11:46 PM
SRHICKEY@KOPKALAW.COM

of other parties (including but not limited to Plaintiff) and nonparties over whom Defendants had no control and for whom they thus have no liability.

### Fifth Defense

Defendants were not a substantial factor in bringing about the incident alleged and/or the injuries alleged in Plaintiff's Complaint.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, by each and every defense available to Defendants under Kentucky's MVRA (KRS 304.39-101, *et seq.*), as well as every defense available to them under federal and state trucking legislation, laws, and regulations.

### Seventh Defense

To the extent that any person or entity has paid any amount to or on behalf of Plaintiff as the result of the injuries or damages claimed in the Complaint and has not been properly notified of its subrogation rights pursuant to KRS 411.188, Plaintiff's Complaint is barred. In the alternative, Plaintiff is precluded from recovering the amount of the benefits subject to subrogation rights, and evidence of payments made on behalf of Plaintiff is admissible. To the extent such payments were made, Plaintiff is not "the real party in interest," and Defendants reserve each and every defense, credit, offset, and deduction provided by law.

### Eighth Defense

Plaintiff had, and still has, an affirmative duty to mitigate damages; accordingly, as to damages claimed, if any, those must be reduced to the extent Plaintiff has failed to mitigate the same.

### Ninth Defense

Any liability for Plaintiff's damages – a part or share in any such liability being hereby fully denied by Defendants – must be apportioned among all those found at fault by a jury.

Filed 21-CI-00119 11/11/2021 Heather A. Rechtin, Bracken Circuit Clerk

ANS : 000003 of 000006

NOT ORIGINAL DOCUMENT
11/23/2021 02:11:46 PM
SRHICKEY@KOPKALAW.COM

**Tenth Defense**

Plaintiff's claims are barred on the ground that they have failed to join an indispensable party (or parties), without whom complete relief cannot be accorded among those already parties to the action.

**Eleventh Defense**

Plaintiff has failed to plead special damages with specificity as required by CR 9.06; accordingly, any and all claims for special damages, if any, are therefore barred.

**Twelfth Defense**

Plaintiff's claim for punitive damages is barred for failing to comply with the provisions of KRS 411.184 and KRS 411.186.

**Thirteenth Defense**

Plaintiff's claim for punitive damages is barred because the same runs afoul of numerous of Defendants' rights secured under both the U.S. and Kentucky Constitutions.

**Fourteenth Defense**

Plaintiff's claim for punitive damages is barred for the reason that, if anybody is going to assess the same, it should be a judge, not a jury, for the reason that a jury determining such damages runs afoul of numerous of Defendants' rights secured under both the U.S. and Kentucky Constitutions.

**Fifteenth Defense**

Depending on how proof unfolds during pretrial discovery, Plaintiff's claims are barred by the doctrines of last clear chance, unavoidable accident, sudden emergency, Act of God, assumption of the risk, contributory/comparative fault, as well as statute of limitations, payment, release, accord and satisfaction, failure of conditions precedent, waiver, laches, spoliation of evidence, lack

of personal jurisdiction, lack of standing and/or improper venue. (Defendants hereby reserve the right to assert additional affirmative defenses under CR 8.03, if the factual predicate therefor emerges during thecourse of pretrial discovery or at trial.)

### Sixteenth Defense

Defendants plead lack of and/or improper service of process as a complete defense to the claims asserted in Plaintiff's Complaint.

### Seventeenth Defense

Plaintiff's demand for pre-judgment interest is not appropriate under Kentucky law and recovery therefor is barred herein.

### Eighteenth Defense

Defendants reserve the right to assert additional affirmative defenses and to file additional pleadings herein, including counterclaims, cross-claims and/or third-party claims, as the proof develops during the course of pretrial discovery or at any point during the trial of this matter.

**WHEREFORE,** Defendants, Terry Dawson, and KBT Enterprises, Inc., demand as follows:

1. For dismissal of Plaintiff's Complaint, with prejudice, or, in the alternative, for judgment in Defendants' favor on said Complaint;

2. For recovery of his costs expended, including attorney's fees (where allowed by law), in defending against Plaintiff's Complaint;

3. For indemnity, contribution, offset and/or apportionment where appropriate; and

4. For any and all other relief to which he is entitled, either at law or in equity.

Respectfully submitted,

**KOPKA PINKUS DOLIN PC**

*/s/ Eric M. Jensen*
Eric M. Jensen
462 South Fourth Street, Suite 101
Louisville, KY 40202
(502) 785-2818
emjensen@kopkalaw.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing Answer of Defendants was on this 11th day of November, 2021, electronically filed with the KCOJ e-Filing system, which will send notice of filing to all counsel of record who have registered as e-filers. I also hereby certify that a true and accurate copy of this Answer was this same day served by regular U.S. Mail, postage prepaid, as well as by email, upon Gregory M. Erpenbeck, William J. Kathman, Jr., BUSALD FUNK ZEVELY, PSC, 226 Main Street, Florence, KY 41042, and Keith Johnson, LAW OFFICE OF KEITH JOHNSON, PLLC, 14 West 4th Street, Newport, KY 41071.

*/s/ Eric M. Jensen*
Eric M. Jensen
*Counsel for Defendants*